**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**DOCKET NO: 3:17-CR-00240-MOC-DSC**

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| **TONY DESHAWN MCCOY,** ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** is before the Court on Defendant's Motion for Judicial Recommendation for Twelve Months Residential Re-Entry Center Halfway House Placement (Doc. No. 49). On March 15, 2018, Defendant pleaded guilty to one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). (Doc. No. 21). Thereafter, this Court sentenced Defendant to thirty-seven months of imprisonment and a three-year term of supervised released. (Doc. No. 35). Now, the Bureau of Prisons is considering when and whether to place Defendant in a Residential Re-Entry Center for the remainder of his term of imprisonment. (Doc. No. 49 at 6).

The Second Chance Act of 2007 provides that the "Bureau of Prisons shall designate the place of the prisoner's imprisonment" and "may designate any penal or correctional facility that meets minimum standards of health and habitability established by the Bureau." 18 U.S.C. § 3621(b). In choosing a facility, the Bureau may consider "any statement by the court that imposed the sentence (A) concerning the purposes for which the sentence of imprisonment was determined to be warranted; or (B) recommending a type of penal or correctional facility as appropriate." Id. Several courts, including this one, have held this Act authorizes courts to issue non-binding, strictly advisory placement recommendations. See United States v. Patterson, No. 2:00-CR-187, 2019 WL 127962, at *2 (E.D. Va. Jan. 8, 2019); United States v. Ferguson, No. 6:16-CR-00707-JMC-

8, 2018 WL 5095149, at *3 (D.S.C. Oct. 19, 2018); United States v. Cabble, No. 3:09-CR-00084-MOC, 2018 WL 4628324, at *1 (W.D.N.C. Sept. 27, 2018).

Defendant's evidence suggests he has made efforts to improve himself while incarcerated. For example, Defendant submitted a partial Re-Entry Progress Report showing he has worked at the Recreation Department and Food Service Department and that "[h]is work performance is good." (Doc. No. 49 at 6). Likewise, while imprisoned, Defendant "has completed [his] CDL [license] and Buying a Home class." (Id.). Finally, Defendant has not had any "incident reports" for the last six months. (Id.). To the extent this partial report is commensurate with the remainder of Defendant's record, the Court recommends placement in a Residential Re-Entry Center. Still, the Court emphasizes that this recommendation is not binding; it is the Bureau, not the Court, that is uniquely qualified to determine when a re-entry program is appropriate for incarcerated persons. See Cabble, 2019 WL 4628324, at *2.

**ORDER**

**IT IS, THEREFORE, ORDERED** that on Defendant's Motion for Judicial Recommendation for Twelve Months Residential Re-Entry Center Halfway House Placement (Doc. No. 49) is **GRANTED**. Thus, to the extent that Defendant's full record demonstrates he has made efforts to improve himself while incarcerated, the court **RECOMMENDS** that Defendant be placed in a Residential Re-Entry Center.

Signed: November 6, 2019



Max O. Cogburn Jr
United States District Judge